IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Bustillos,<br><br>    Petitioner,<br><br>v.<br><br>David Shinn, *et al.*,<br><br>    Respondents. | No. CV-21-00336-PHX-JJT (CDB)<br><br>**ORDER** |

At issue is the Report and Recommendation (Doc. 10, "R&R") submitted in this matter by United States Magistrate Judge Camille D. Bibles, recommending that the Court deny the Petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (Doc. 1) filed by Petitioner Manuel Bustillos. In the R&R, Judge Bibles warned the parties that they "shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court." (Doc. 10 at 16). Judge Bibles further warned the parties that "failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of the parties' right to *de novo* appellate consideration of the issues," and "failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge." (Doc. 10 at 17.)

Judge Bibles's R&R was filed on the docket September 28, 2021. Because Petitioner is not registered as a participant on the Court's ECF system for electronic service,

service of the R&R upon him was affected by mail pursuant to Rule 5(b)(2)(C), Fed. R. Civ. P., and Petitioner's 14 day deadline was extended by three days to account for mailing as provided in Rule 6(d), Fed. R. Civ. P. Thus, Petitioner had a total of 17 days, or until October 15, 2021, to file any objections to the R&R. He filed no objections, either by that deadline or at any time thereafter.[1] Petitioner therefore has waived his right to *de novo* appellate consideration of the issues before the Court and its findings and conclusions in this Order.

The Court nonetheless evaluated the R&R on its merits, and upon doing so, concludes that Judge Bibles's reasoning and recommendations are all sound and thoroughly discussed. It therefore will adopt the R&R, including its analysis, in whole. Petitioner's due process claim regarding competence is procedurally barred, as the state court also found at two levels, and Petitioner has shown no cause—no legitimate excuse—for his procedural default before the state courts. Nor has Petitioner met the standard for the "fundamental miscarriage of justice" exception. And as Judge Bibles points out, even were the Court to reach the merits of his claim, that claim would fail. Petitioner does not present evidence "sufficient to positively, unequivocally, and clearly generate a real, substantial and legitimate doubt as to [his] mental capacity." *See Watts v. Singletary*, 87 F.3d 1282, 1290 (11th Cir. 1996).

**IT IS ORDERED** adopting in whole Judge Bibles's R&R (Doc. 10) and denying the Petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (Doc. 1).

**IT IS FURTHER ORDERED** denying a Certificate of Appealability and permission to proceed on appeal *in forma pauperis*. The Court concludes jurists of reason would not find it debatable whether 1) the Court was correct in its procedural ruling or, if

---

[1] After his deadline to object had elapsed, on October 18, 2021, Petitioner filed a Notice of Interlocutory Appeal to the Ninth Circuit (Doc. 11). While an appeal generally divests this Court of jurisdiction over the matter until appellate procedures are concluded, Petitioner's appeal did not stay or otherwise affect any time calculations because his deadline to object already had expired by the time he filed his appeal. The Ninth Circuit issued its mandate dismissing Petitioner's interlocutory appeal on December 30, 2021, thereby returning jurisdiction over the matter to this Court as of that date. 24 additional days have elapsed since then and Petitioner has filed nothing further; thus his time to object is long past.

reaching the merits, 2) Petitioner has made a substantial showing of a violation of a constitutional right. The Clerk of Court shall terminate this matter.

Dated this 24th day of January, 2022.

_____
Honorable John J. Tuchi
United States District Judge